DAMON MOREY LLP
William F. Savino, Esq.
*Attorneys for Allan Ratafia,*
*Ratafia & Company, CPA's P.C.,*
*and Bankruptcy Exchange*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
Phone 716-856-5500
Email: wsavino@damonmorey.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Adjourned Date: October 23, 2013 @ 9:55am**
**Original Date: September 25, 2013 @ 9:55am**
**Location: 300 Quarropas Street**
**Objection Deadline: September 16, 2013**

In re:

    RONALD DERAMON,　　　　　　　　　　　　　Bk. No.: 13-23260-RDD

                      Debtor.　　　　　　　　　　　　　Chapter 13

## OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

Allan Ratafia, Ratafia & Company, CPA's P.C. and Bankruptcy Exchange (collectively "Creditors"), by their attorneys, Damon Morey LLP, as and for its Objection to Confirmation, state as follows:

### BACKGROUND AND JURISDICTION

1. This Court has jurisdiction to hear this motion under 28 U.S.C. Sections 157 and 1334.

2. On or about July 30, 2013 ("Petition Date"), Ronald DeRamon ("Debtor") filed a voluntary petition and a chapter 13 Plan in this Court.

3. On or about July 31, 2013, Jeffrey L. Sapir was assigned this case as the Chapter 13 Trustee.

4. The Meeting of Creditors was scheduled for August 23, 2013.

5. The Confirmation Hearing is scheduled for September 25, 2013. A letter on the docket was filed adjourning the Confirmation Hearing until October 23, 2013.

6. Prior to the Petition Date, the Debtor was sued by the Creditors.

7. The Debtor is a CPA and lists ownership interests in 55 Old Turnpike Road Real Estate, Inc.; Tax Management Services, Inc.; DeRamon CPA Services PC; and Ronald A. De Ramon, CPA, PC. *See*, filed Schedule B [Docket 1].

8. Although a 100% owner in 55 Old Turnpike Road Real Estate, Inc.; Tax Management Services, Inc.; and DeRamon CPA Services, PC (a no-asset Chapter 7 debtor, Case No. 13-23300), he lists the value of these entities at "UNKNOWN".

9. He lists Ronald A. De Ramon, CPA, PC ("the CPA, PC") as having an ownership value of $54,000.

10. Upon information and belief, the ownership interests of the Debtor in the CPA, PC are worth more than $54,000.

11. The Debtor is proposing to pay $37,800.00 ($630.00 per month for 60 months), effectively less than a 10% distribution when commissions and administration claims are included.

12. The Creditors are not stayed with respect to any actions against the CPA, PC, as Section 1301, stay of action against co-debtor, applies in case relating to the collection of consumer debts.

13. The obligation owed to the Creditors is not a consumer debt; rather, it is a commercial obligation.

**OBJECTIONS**

14. The Debtor's Plan was not proposed in good faith and is not in the best interest of creditors.

15. Section 1325(a)(3) requires the Debtor to submit a plan in good faith. Factors affecting good faith can include, but is not limited to: the debtor's income, the debtor's expenses, the debtor's valuation of assets, the payment proposed to creditors.

16. Section 1325(a)(4) requires the plan to be in the best interest of creditors.

17. On its face, submitting a plan which proposes to pay unsecured less than the value of the assets in this case, fails both the good faith requirement and the best interest of creditors test.

18. The Debtor lists his business (the CPA, PC) with a value of $54,000 (this is without examining other non-exempt assets), and is proposing to unsecured creditors a mere $37,800. Creditors on Schedule F total $343,119.81.

19. The debtor's wife has submitted a third party affidavit [ECF Docket 11] stating she will contribute $1,659.86 per month for the life of the plan. This statement has no effect because the Debtor and his spouse accounted for all income on Schedule I. Thus, wife's commitment of $1.659.86 is already included in the monthly income and likewise her expenses are accounted for on Schedule J (the expense of the spouse's home health aid is $2,166 per month). Thus, the third party affidavit creates the impression that wife is contributing additional funds above the $630 per month. This is not the case and the Plan still remains unfeasible.

20. Additionally, the Debtor lists his other business with unknown values. Without an appropriate valuation of the Debtor's business, the Debtor cannot propose a plan that satisfies either Sections 1325(a)(3) and/or 1325(a)(4).

3

21. The Debtor lists on Schedule B several business such as a payroll company, a real estate management company and an accounting business, but lists them with an unknown value.

22. The value of these business will impact the best interest of creditor test and may require a 100% plan in this case. Thus, proposing anything less than 100% and failing to provide accurate and appropriate values for these assets supports a finding that the Plan is not being proposed in good faith and is not in the best interest of creditors.

23. The Debtor proposes to retain a Jets Personal Seat License while proposing to pay unsecured creditors a meager payment while ostensibly having his brother pay almost $500 a month for this luxury item. This Jets Personal Seat License is not reasonably necessary to maintain the Debtor's needs. In *In re Turner*, 2010 Bankr. LEXIS 1964 (Bankr. E.D.Mass. 2010), the Court categorized such luxury items:

> Generally, courts construed 'reasonably necessary' as a standard of adequacy, supporting basic needs, and not related to the lifestyle to which one was accustomed. Accordingly, many courts routinely disallowed expenses for private school tuition, luxury vehicles, recreational boat expenses, country club memberships, and vacation homes on the basis that luxury expenses detract from possible payments to unsecured creditors.

2010 Bankr. LEXIS 1964, * 10.

24. In *In re Kasun*, 186 B.R. 62 (Bankr. E.D. Va. 1995), the Bankruptcy Court denied confirmation where "the plan proposes to pay in excess of $600.00 per month towards debtor's retention of a luxury boat." 186 B.R. at 63.

25. In *In re Rogers*, 65 B.R. 1018 (Bankr. E.D. Mich. 1986), confirmation was denied where the debtor's proposed payment for her Corvette "is pampering her own psyche at the expense of her unsecured creditors."

26. Here, the Debtor's retention of his luxury Jets seat with an alleged net value of $10,000 ostensibly paid for by his brother at great monthly expense, is a detriment to unsecured

4

creditors and an abuse of Chapter 13. The Debtor's plan is not proposed in good faith nor is it in the best interests of the creditors. The Debtor's confirmation must be denied.

27. On Schedule I, the Debtor lists a monthly payment of $268.00 as a "pension loan." Creditors object to this monthly "payroll deduction" which serves to decrease the Debtor's disposable income. Pension contributions are disposable income within the meaning of the Bankruptcy Code. In re Taylor, 243 F.3d 124 (2d Cir. 20010. If the Debtor were making pension contributions, the Court would have to determine whether such contributions qualify as a reasonably necessary expense of the Debtor. Here, the Debtor appears, to be repaying a "pension loan" through a payroll deduction to the detriment of unsecured creditors. These payments should rightly be deemed disposable income and should enhance the Debtor's ability to pay his unsecured creditors.

28. Additionally, on Schedule J, the Debtor lists expenses that clearly are either overstated or show no belt-tightening by the Debtor. For example, the Debtor lists an expense of $43,199.43, as regular expense from operation of business. However, the Debtor has separate corporate entities for each of his businesses. The Debtor lists interest in his various corporations and does not list any dbas. The Debtor lists his employer on Schedule I as Ronald A. DeRamon CPA (which is listed on Schedule B as a "PC", not a "dba").

29. If the Court were to find that the Debtor's inclusion of this "business" expense improper then said excessive entry would increase the Debtor's disposable income by $43,199.43 and require a 100% plan. This budget item is excessive and unjustified.

30. Creditors also object to confirmation of the Debtor's proposed Chapter 13 Plan to the extent he apparently does not propose to fund the plan with all of his disposable income. Confirmation should be denied must be denied.

5

31. In the Statement of Financial Affairs: Question #3, the Debtor indicates he paid only Citimortgage Corporation, in excess of $600.00. Curiously, one would expect to either see an entry for legal fees or a deposit of retainer in connection with the State Litigation. Another factor that needs to be weighed as to whether this case was filed in good faith.

32. The Debtor fails to the disclose the generator he lists in its statement of financial affairs(Question No. 8) as an asset on Schedule B.

33. Finally, Creditor objects to the Assignment of Rights which was filed by the Debtor. The Assignment of Rights seeks to grant Counsel for the Debtor an interest in any funds held by the Chapter 13 Trustee upon dismissal or conversion without any judicial determination of entitlement or enforcement proceeding. It is improper to grant such an interest in assets which is property of the estate and effectively shields the Debtor's property from creditors' claims.

34. The Debtor's Plan is not feasible, proposed in good faith or in the best interest of creditors. Therefore, Confirmation must be denied.

## SERVICE OF OBJECTION

35. Pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure, copies of this Objection are being filed and served on the attorney for Debtor, the trustee, and the Office of the United States Trustee for this District.

## RESERVATION OF RIGHTS

36. Creditors reserve their rights to make additional objection and/or amend this to confirmation of this Plan or any amended plan.

**WHEREFORE**, the Creditors respectfully request that the Court enter an Order Deny Confirmation and granting such other and further relief as this Court deems just and proper.

Dated: Buffalo, New York
     September 16, 2013

**DAMON MOREY LLP**
By:    s/William F. Savino
     William F. Savino, Esq.
*Attorneys for Allan Ratafia and Ratafia & Company, CPA's P.C., and Bankruptcy Exchange*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
Telephone (716) 856-5500
Email: wsavino@damonmorey.com

Doc #1850581.1

DAMON MOREY LLP
William F. Savino, Esq.
*Attorneys for Allan Ratafia,*
*Ratafia & Company, CPA's P.C.,*
*and Bankruptcy Exchange*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
Phone 716-856-5500
Email: wsavino@damonmorey.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:
    RONALD DERAMON,                                            Bk. No.: 13-23260-RDD

                    Debtor.                                            Chapter 13

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              ) SS.:
COUNTY OF ERIE        )

    I, Bernard Schenkler, being duly sworn, deposes and say:

    1.    I am employed by Damon Morey LLP. I am not a party to the action, am over 18 years of age and reside in Clarence, New York.

    2.    On September 16, 2013, I electronically filed the OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN with the Clerk of the Bankruptcy Court using its CM/ECF system.

    3.    On September 16, 2013, I served a true and correct copy of the foregoing via the United Postal Services by first class mail upon the following parties:

Ronald DeRamon  
55 Old Turnpike Road, Suite 305  
Nanuet, NY 10954

Andrea B. Malin, Esq.  
Genova & Malin, Attorneys  
The Hampton Center  
1136 Route 9  
Wappingers Falls, NY  
12590-4332

Jeffrey L. Sapir, Esq.  
As Chapter 13 Trustee  
399 Knollwood Road, Suite 102  
White Plains, NY 10603

United States Trustee  
Office of the United States Trustee  
U.S. Federal Office Building  
201 Varick Street, Room 1006  
New York, NY 10014

*s/Bernard Schenkler*  
_____  
Bernard Schenkler

Sworn to before me this 16th  
day of September 2013.

\_\_\_\_s/Beth Ann Bivona_____  
Notary Public  
Beth Ann Bivona  
Notary Public, State of New York  
Qualified in Erie County  
My Commission Expires January 11, 2015

Doc #1850602.1