WOODS OVIATT GILMAN LLP                    Hearing: 8/26/15 10AM
William F. Savino, Esq.
Bernard Schenkler, Esq.
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200
*Attorneys for Bankruptcy Exchange, Inc.,*
*John O'Neill, Patrick O'Neill, Allan Ratafia,*
*and Ratafia & Company CPA's*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

RONALD DERAMON,                         Chapter 13 Case
                                        Case No. 13-23260 (RDD)
                    Debtor.

---

## DECLARATION OF ALLAN L. RATAFIA IN OPPOSITION
## TO MOTION FOR CONTEMPT SANCTIONS

ALLAN L. RATAFIA declares pursuant to 28 U.S.C. §1746 as follows:

1.    I am individually and with my accounting firm, Ratafia & Company CPA's, PC, a creditor of the Debtor, Ronald DeRamon. A portion of the Ratafia claim has been assigned to Bankruptcy Exchange, Inc. I make this Declaration in opposition to the Debtor's motion for contempt sanctions against my company and me and against Bankruptcy Exchange, Inc. and its principals.

2.    Prior to the filing of the Debtor's Chapter 13 case, I entered into an agreement with the Debtor and his accounting firm to sell to the Debtor an itemized list of clients of my accounting firm. A dispute thereafter arose, and the Debtor commenced a lawsuit in the Supreme Court of New York, Westchester County, for damages and an injunction. I engaged Robert Steckman, Esq. as the attorney for me and my accounting firm. Supreme Court Justice Alan D.

{3131160: }

Scheinkman ordered the Debtor to post a bond as a condition of granting a temporary restraining order. The Debtor did post the bond. The parties to the lawsuit thereafter attempted to mediate the dispute, but the Debtor nonetheless filed his Chapter 13 case on July 30, 2013.

3.    During the course of his bankruptcy case, I retained Damon Morey LLP to represent me and my company. Damon Morey LLP also represented Bankruptcy Exchange, Inc. As joint creditors, we filed an objection to confirmation of the Debtor's Chapter 13 plan and, after further negotiations, agreed to a settlement of the joint claim which was embodied in a Stipulation and Consent Order entered by the Court on August 6, 2014.

4.    In the Stipulation and Consent Order, I agreed that that bond posted by the Debtor with the Supreme Court of New York, Westchester County, would be vacated and that I would execute such documents as necessary to cause the bond to be vacated. However, my understanding of the Stipulation and Consent Order was that the necessary documents would be prepared by the Debtor.

5.    I was not aware of any dispute or problem regarding the release of the bond until I received the Debtor's motion that was filed on May 28, 2015 for contempt sanctions against my accounting firm and me and against Bankruptcy Exchange, Inc. and its principals.

6.    By the time of Chapter 13 bankruptcy filing, I had a dispute with Robert Steckman regarding his services and the attorney's fees he claim to be owed. I did not know that he had been contacted in 2015 by or on behalf of the Debtor to execute a release of the bond or that he had refused to execute a release of the bond until I was advised in about June 2015 by William F. Savino, Esq., who had since moved to a new law firm, Woods Oviatt Gilman LLP.

7.    I learned that Robert Steckman had refused to cooperate with the Debtor's attorney because he had not been paid the attorneys' fees he claimed to be owed. I also learned

that he refused to consent to substitution of Mr. Savino for him. I agreed to and did fire Robert Steckman as state court counsel and engaged Woods Oviatt Gilman LLP to appear in the Supreme Court, Westchester County, so that the necessary documentation to release the bond could be signed.

8.     It is my understanding that an Order vacating the bond was in fact signed through Woods Oviatt Gilman LLP and docketed with the Supreme Court on July 22, 2015.

9.     I would have signed documents consenting to the release of the bond if I has been requested to do so (but I was not so requested). I did not direct Robert Steckman to refuse to sign documents or pleadings. I did not learn of any meetings or communications that Robert Steckman had with the Debtor's attorneys regarding the release of the bond until after the Debtor's contempt motion was filed.

I declare that the foregoing statements are true and correct under penalty of perjury.


ALLAN L. RATAFIA

Dated:  August 17, 2015

(3131160: )3