WOODS OVIATT GILMAN LLP
William F. Savino, Esq.
Bernard Schenkler, Esq.
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200
*Attorneys for Bankruptcy Exchange, Inc.,
John O'Neill, Patrick O'Neill, Allan Ratafia,
and Ratafia & Company CPA's*

Hearing: 8/26/15 10AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

RONALD DERAMON,

Debtor.

Chapter 13 Case
Case No. 13-23260 (RDD)

## DECLARATION OF JOHN O'NEILL IN OPPOSITION TO MOTION FOR CONTEMPT SANCTIONS

JOHN O'NEILL declares pursuant to 28 U.S.C. §1746 as follows:

1. I am the owner and President of Bankruptcy Exchange, Inc., a New York corporation which is in the business of, among other things, purchasing and selling assets involved in bankruptcy proceedings.

2. In the course of its business, Bankruptcy Exchange, Inc. acquired a percentage interest of a claim by Allan Ratafia and Ratafia & Company, CPA's against the Chapter 13 debtor, Ronald DeRamon, and a joint proof of claim was filed in that action.

3. In about late May or early June 2015, Bankruptcy Exchange, Inc. was served by mail with a motion for contempt sanctions relating to the alleged failure of Bankruptcy Exchange, Inc. and me and Patrick O'Neill, an officer of Bankruptcy Exchange, Inc. and Allan Ratafia and Ratafia & Company, CPA's (collectively, the "Creditors") to cooperate in the release

{3114807: }

of a bond which had been filed in a state court proceeding that had been commenced by the Chapter 13 Debtor.

4. The Creditors were signatories to a Stipulation of Settlement filed with the Bankruptcy Court on August 6, 2014 which provided, among other things, for the payment to the Creditors of a "settlement amount," a restrictive covenant by Allan Ratafia, and, among other things, agreement to release a bond which had been filed in the Supreme Court, Westchester County, prior to the Chapter 13 filing.

5. After the Stipulation was entered, I received no notification by anyone that there was a delay or other problem in having the bond released. I was prepared to execute any stipulation which I presumed would be prepared by the Debtor's attorney to release such bond. However, the first time I was made aware of the alleged "failure to cooperate" was the service by mail of the contempt motion. Prior to that, I was never provided with any document to execute and I never knew that Ratafia's state court attorney (Robert Steckman, Esq.) allegedly failed to cooperate in the discharge of the bond.

6. I was never a party to any communications with Ratafia's state court attorney. I did not advise that attorney to refuse to cooperate.

7. I am aware that after the contempt motion was filed, Ratafia fired his state court attorney and retained Woods Oviatt Gilman LLP who thereafter executed the stipulation filed with the Supreme Court, Westchester County, which caused the bond to be vacated.

I declare that the foregoing statements are true and correct under penalty of perjury.

JOHN O'NEILL

Dated: August 18, 2015

{3114807: }