GENOVA & MALIN                                    **DATE: OCTOBER 6, 2015**
Attorneys for Debtor                             **TIME: 9:30 A.M.**
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-----------------------------------------------------------x
IN RE:

RONALD DERAMON,                                  CHAPTER 13
                                                 CASE NO. 13-23260 (RDD)

                            Debtor.
-----------------------------------------------------------x

## AMENDED NOTICE OF MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014 AND 9020 HOLDING CREDITORS LIABLE FOR  CONTEMPT AND FOR COSTS, DISBURSEMENTS, ATTORNEYS' FEES AND SANCTIONS AND REQUIRING ROBERT STECKMAN, ESQ. TO PERSONALLY SATISFY ALL EXCESS COSTS, EXPENSES, AND ATTORNEYS' FEES PURSUANT TO 28 U.S.C. §1927 AND 11 U.S.C. §105

**PLEASE TAKE NOTICE** that upon the annexed Motion of the debtor, by his

attorneys, GENOVA & MALIN, dated September 4, 2015, for an Order holding BANKRUPTCY

EXCHANGE, INC., JOHN O'NEILL, PATRICK O'NEILL, ALLAN RATAFIA, RATAFIA & CO.

CPAs, PC (the "Creditors") and ROBERT STECKMAN, ESQ., in civil contempt for failure to

comply with Stipulation Settling Objection to Confirmation entered by this Court on August 6, 2014,

pursuant to Federal Rules of Bankruptcy Procedure 9014, 9016 and 9020 and 11 U.S.C. §105 and

awarding to the debtor attorneys' fees, costs, disbursements, and sanctions and punitive damages;

requiring ROBERT STECKMAN, ESQ. to personally satisfy all excess costs, expenses, and

attorney's fees pursuant to 28 U.S.C. §1927 and 11 U.S.C. §105; and for such other and further relief

as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Order must be

made in writing and received in the U.S. Bankruptcy Judge's Chambers and by the undersigned no

later than seven (7) days prior to said date and served upon the undersigned, in default of which the

Order may be signed.

Dated: Poughkeepsie, New York
        September 4, 2015

                                        GENOVA & MALIN
                                        Attorneys for the Debtor

                            By:     /s/ Andrea B. Malin
                                    ANDREA B. MALIN(AM4424)
                                    Hampton Business Center
                                    1136 Route 9
                                    Wappingers Falls, NY 12590
                                    (845) 298-1600

TO:                                     BANKRUPTCY EXCHANGE, INC.
JEFFREY L. SAPIR, ESQ.                  Corporate Headquarters
399 Knollwood Road                      2952 Seneca Street
White Plains, NY 10603                  West Seneca, NY 14224
                                        Attn: President
RONALD DERAMON
55 Old Turnpike Road, Suite 305         RATAFIA & CO., CPAs, PC
Nanuet, NY 10954                        245 Saw Mill River Road, Suite #106
                                        Hawthorne, NY 10532
US BANKRUPTCY COURT                     Attn: Allan Ratafia
Chambers of Hon. Robert D. Drain
300 Quarropas Street                    WOODS OVIATT GILMAN, LLP
White Plains, NY 10601                  Attorneys for Bankruptcy Exchange, Inc., Allan
                                        Ratafia, and Ratafia & Co. CPAs, PC
ELIZABETH A. HAAS, ESQ., PLLC           1900 Main Place Tower
Attorney for Provident Bank, N.A.       Buffalo, NY 14202
254 E. Main Street, Suite 210           Attn: William F. Savino, Esq.
New City, NY 10956-3363

LAW OFFICE OF ROBERT STECKMAN, PC
111 John Street #800
New York, NY 10038
Attn: Robert Steckman, Esq.

GENOVA & MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-----------------------------------------------------------x
IN RE:

RONALD DERAMON,                                    CHAPTER 13
                                                   CASE NO. 13-23260 (RDD)
                        Debtor.
-----------------------------------------------------------x

### AMENDED AFFIRMATION IN SUPPORT OF MOTION FOR CONTEMPT
### PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE
### 9014, 9016 AND 9020,  AND 28 U.S.C. §1927 AND 11 U.S.C. §105

   ANDREA B. MALIN, an attorney duly admitted before this Court, offers the

following, upon information and belief, under penalty of perjury:

   1.  I am a partner of the firm of GENOVA & MALIN, attorneys for RONALD

DERAMON, the debtor herein. I make this Amended Affirmation in Support of the debtor's Motion,

dated September 4, 2015, pursuant to Federal Rules of Bankruptcy Procedure 9014, 9016 and 9020,

and 28 U.S.C. §1927 and 11 U.S.C. §105 and am familiar with the facts set forth herein.

   2.  On July 30, 2013, the debtor filed a petition and model plan under Chapter

13 of the United States Bankruptcy Code.

   3.  Prior to the filing of the petition, on July 1, 2011, the debtor, on behalf of

DeRamon CPA Services, PC, purchased an itemized list of clients from ALLAN RATAFIA of

RATAFIA CO., CPAs, P.C. (referred to collectively as "RATAFIA").

4.      Thereafter, RATAFIA claimed that the debtor was in breach of the July 1, 2011, agreement due to the debtor's failure to remit the anticipated revenue from the list of clients. Based upon RATAFIA's threats to take back the list of clients, on August 17, 2012, the debtor commenced an action in the New York State Supreme Court, Westchester County, seeking to enforce the restrictive covenants set forth in the July 1, 2011, agreement.

5.      On October 18, 2012, the New York State Supreme Court, Westchester County, entered an Order requiring the debtor to post a bond (the "Bond") as part of pre-filing proceedings. Upon information and belief, at all relevant times ROBERT STECKMAN, ESQ. was retained by RATAFIA to represent RATAFIA in the State Court proceedings.

6.      Following the commencement of the State Court action, the parties' attempted to mediate a settlement of the dispute. A settlement was never finalized, and prior to a settlement being entered into the debtor filed the aforementioned Chapter 13 petition.

7.      On September 16, 2013, BANKRUPTCY EXCHANGE, INC., as assignee of RATAFIA, filed Claim No. 5 with this Court's docket in the amount of ONE HUNDRED FIFTY-THREE THOUSAND DOLLARS ($153,000.00). (See this Court's docket.)

8.      On September 16, 2013, an Objection to Confirmation of Plan was filed by Bernard Schenkler on behalf of RATAFIA and BANKRUPTCY EXCHANGE, INC. (all together referred to as the "Creditors"). (See docket no. 15 filed with this Court's docket.)

9.      On November 7, 2013, BANKRUPTCY EXCHANGE, INC., filed amended Claim No. 5 with this Court's docket in the amount of  TWO HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($225,000.00). (See this Court's docket.)

10.      On November 13, 2013, RATAFIA filed Claim No. 16 with this Court's

2

docket in the amount of TWO HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($225,000.00). (See this Court's docket.)

11.    The debtor and the Creditors engaged in discovery, and on August 6, 2014, this Court entered an Order Granting the debtor's Motion to Approve Stipulation Settling Objection to Confirmation of Plan (the "Settlement Order"), providing that the Bond was cancelled, and that "the cash proceeds securing said bond shall be returned to Provident Bank, N.A." (Annexed hereto as Exhibit "A" is a copy of said Settlement Order.)

12.    The Settlement Order also provided that "[t]he Creditors shall further agree to execute any document that may be required in connection with the cancellation of said bond and consent to its filing." (See docket no. 50 entered with this Court's docket.)

13.    Following the entry of the Settlement Order, the undersigned, as well as debtor's brother and State Court counsel, Roderick E. DeRamon, Esq. ("RODERICK DERAMON"), each made several attempts to contact the Creditors, through STECKMAN, to obtain the execution of  Stipulation to cancel the Bond to be filed in the State Court action. STECKMAN continually refused to execute same.

14.    On May 28, 2015, the debtor filed a Motion for Contempt Holding the Creditors Liable and for Costs, Disbursements, Attorneys' Fees, and Sanctions with this Court (the "Contempt Motion"). (See this Court's docket.)

15.    Upon information and belief, following the debtor's Contempt Motion RATAFIA fired STECKMAN from representation and retained new counsel who promptly executed the Stipulation to cancel the Bond and filed same in the State Court action. However, the delay imposed by STECKMAN by his continuous refusal to execute the Stipulation to cancel the Bond

has resulted in tremendous cost and prejudice to the debtor herein.

16.    STECKMAN's bad faith in refusing to execute the Stipulation to cancel the Bond is evidenced by electronic communication between RODERICK DERAMON and the Creditors' current State Court counsel, William F. Savino, Esq. ("SAVINO") following the debtor's Contempt Motion. For example, on June 1, 2015, RODERICK DERAMON described a State Court conference in which STECKMAN "was argumentative and resistant to releasing the bond notwithstanding the clear and unambiguous terms of the settlement agreement. Meanwhile [the debtor] continues to pay the bank an additional $1,000 per month which is completely unnecessary and may threaten his ability to pay [the Creditors] under the settlement agreement." Similarly, on the same day the undersigned responded to electronic communication received from SAVINO stating "[l]ong story short, no one calls back and no one signs the stipulation for the state court to get the bond released. Unfortunately, this has been going on for some time, I was told Ratafia wont sign it, client had no choice but to file this." (Annexed hereto as Exhibit "A" are copies of the June 1, 2015, electronic mail exchange.)

17.    Approximately one week later, on June 8, 2015, RODERICK DERAMON sent the Stipulation to cancel the Bond to SAVINO via electronic mail, stating that STECKMAN "advised during the last State Court telephone conference that he was not in favor of having the bond vacated notwithstanding the clear terms of the Stipulation ... he has not indicated any willingness to be cooperative in this matter." Similarly, on June 12, 2015, RODERICK DERAMON sent electronic communication informing SAVINO that the Stipulation to cancel the Bond had been sent to STECKMAN, and that "[d]espite repeated follow-ups, there was no reply from STECKMAN." (Annexed hereto as Exhibit "B" are copies of the June 8, 2015, and June 12, 2015, electronic mail

4

exchanges.)

18.    Throughout said electronic correspondence, it was indicated by RATAFIA and counsel that STECKMAN's failure to cooperate and intentional failure to meet the requirement to cancel the Bond, was in order to force RATAFIA to pay an outstanding balance on his bill due to STECKMAN.

19.    Upon information and belief, SAVINO made contact with STECKMAN at some point following the filing of the debtor's Contempt Motion. In a July 15, 2015, follow-up email to the undersigned, SAVINO reiterated that STECKMAN continued to refuse to release the Bond and stated that "[STECKMAN] has been holding everyone hostage since last year." (Annexed hereto as Exhibit "C" is a copy of the July 25, 2015, electronic mail exchange.)

20.    Accordingly, the debtor respectfully requests that this Court enter an Order finding the Creditors liable for civil contempt of the Settlement Order entered on August 6, 2014, and awarding to the debtor his attorneys' fees, costs and disbursements for the prosecution of this Motion, and sanctions against all the parties herein.

21.    To date, the debtor has incurred substantial attorneys' fees, costs and disbursements, and compensatory damages, and will incur additional fees, costs and disbursements, and damages by the continued litigation of the instant Contempt Motion, in addition to the monthly payments of $1,000.00 which the debtor was forced to remit to Provident Bank, N.A. due to the failure of the parties to stipulate to discontinue same. These fees, costs, and disbursements will continue to accrue until this matter is concluded.[1]

22.    Additionally, due to the egregious conduct herein, all of these parties should

---

[1] Counsel for the debtor reserves the right to request an award of additional fees, costs, and disbursements, if necessary.

be sanctioned in the sum of TWENTY THOUSAND DOLLARS ($20,000.00).

**WHEREFORE,** the debtor respectfully requests that this Court adjudge BANKRUPTCY EXCHANGE, INC., JOHN O'NEILL, PATRICK O'NEILL, ALLAN RATAFIA, RATAFIA & CO. CPAs, PC, and ROBERT STECKMAN, ESQ., in civil contempt for their intentional and wilful violation of this Court's Order dated August 6, 2014, pursuant to Federal Rules of Bankruptcy Procedure 9014 and 9020 and 11 U.S.C. §105; award to the debtor all attorneys' fees, costs, disbursements incurred in the filing and litigation of the instant Motion, and sanctions in the sum of TWENTY THOUSAND DOLLARS ($10,000.00); require ROBERT STECKMAN, ESQ. to personally satisfy all excess costs, expenses, and attorney's fees pursuant to 28 U.S.C. §1927; and award to the debtor such other and further relief as this Court seems just and proper.

Dated: Wappingers Falls, New York
         September 4, 2015

                                                        /s/ Andrea B. Malin
                                                        ANDREA B. MALIN (ABM4424)

Affirmed this 4th day of
September, 2015

6